**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-2610-WJM

MARY L. LUYK,

     Plaintiff,
v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

     Defendant.

**ORDER GRANTING MOTION TO AMEND JUDGMENT
AND AFFIRMING DECISION OF THE ADMINISTRATIVE LAW JUDGE**

     This social security benefits appeal, brought under 42 U.S.C. § 405(g), is before the Court on a Motion to Alter or Amend the Judgment Pursuant to Federal Rule of Civil Procedure 59(e) ("Motion"). (ECF No. 24.) Defendant, the Commissioner of Social Security ("Commissioner"), assigns legal error to the Court's Order reversing her final decision denying the application of Plaintiff Mary L. Luyk ("Plaintiff") for disability and social security benefits. For the reasons set forth below, the Motion is granted, the Final Judgment in favor of Plaintiff is vacated, and the Commissioner's denial of benefits is affirmed.

**I. BACKGROUND**

     Plaintiff Mary Lynn Luyk ("Plaintiff"), a widow of a deceased insured worker, was born on February 28, 1956, and was 51 years old on the alleged disability onset date. (Admin. Record ("R.") (ECF No. 12) at 21.) Plaintiff has at least a high school education and has past relevant work experience as a customer service representative for

telephone and cable, an auto detailer, and a hand packager. (R. at 21.)

Plaintiff filed an application for a period of disability and disability insurance benefits and for supplemental security income benefits on June 18, 2008, alleging that she had been disabled since March 22, 2007 due to several impairments, including problems related to two hernia repair surgeries, depression, anxiety, and alcohol-related seizures. (R. at 17.) Plaintiff's application was initially denied on August 28, 2008. (R. at 13.)

After requesting a hearing, Plaintiff's claims were heard by Administrative Law Judge ("ALJ") James A. Wendland on June 3, 2010. (R. at 13.) Plaintiff and vocational expert Aimee Spinelli testified at the administrative hearing. (*Id.*) Medical evidence and opinions were provided by, among others, state consulting psychologist Frederick Leidal, Psy.D., and nurse Cameron Garrett, R.N. (R. at 388-93, 401-24.)

On December 3, 2010, the ALJ issued a written decision in accordance with the Commissioner's five-step sequential evaluation process.[1] At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 22, 2007, the alleged onset date. (R. at 17.) At step two, he found that Plaintiff suffered from the severe impairments of status-post two hernia repair surgeries, depression, anxiety, and alcohol abuse with withdrawal seizures. (*Id.*) At step three, the ALJ found that

---

[1] The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988). The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

Plaintiff's impairments did not meet or medically equal any of the impairments or combination of impairments listed in the social security regulations. (*Id.*)

The ALJ then assessed Plaintiff's residual functional capacity ("RFC"), finding that she had the RFC to perform "sedentary" work as defined by the regulations, but that she should not be required to stoop, crouch or climb ramps and stairs more than occasionally, should never be required to crawl, balance or climb ladders, ropes, and scaffold. (R. at 18.)  With regard to Plaintiff's mental limitations, the ALJ found that she should not be required to understand, remember, and carry out more than detailed instructions. (*Id.*)  Given this RFC, at step four the ALJ found that Plaintiff could not perform any of her past relevant work. (R. at 21.)  At step five, the ALJ found that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform with her limitations. (*Id.*)  Specifically, based on the vocational expert's testimony, the ALJ found that Plaintiff could work as a receptionist or credit clerk. (R. at 21-22.)  Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act and therefore was not entitled to benefits. (R. at 22.)

The Appeals Council denied Plaintiff's request for review on May 18, 2012. (R. at 5.)  Thus, the ALJ's December 3, 2010 decision is the final administrative action for purposes of review.

Plaintiff appealed the Commissioner's decision to this Court on October 2, 2012. (ECF No. 1.)  Plaintiff's Opening Brief was filed on March 22, 2013 (ECF No. 17), and the Commissioner's Response Brief was filed on April 22, 2013 (ECF No. 18).  Plaintiff filed no Reply Brief.  On October 16, 2013, the Court issued an Order reversing the Commissioner's decision and remanding the case to the Commissioner for rehearing

before the ALJ ("Reversal Order"). (ECF No. 22.) Final Judgment was entered in favor of Plaintiff and against the Commissioner on October 17, 2013. (ECF No. 23.)

On November 14, 2013, the Commissioner filed the instant Motion. (ECF No. 24.) Although the Commissioner noted that Plaintiff's counsel indicated in conferral that Plaintiff opposed the Motion (*id.* at 9), Plaintiff filed no response.

## II. ANALYSIS

### A. Motion to Alter or Amend Judgment

The Commissioner moves to amend the Final Judgment, contending that the Court's reasoning in the Reversal Order was contrary to law. (ECF No. 24.)

Rule 59(e) permits a Court to alter or amend a judgment on timely motion by a party. Fed. R. Civ. P. 59(e). "Rule [59(e)] was adopted to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982) (internal quotation marks and brackets omitted). Accordingly, the Court may amend the judgment in its discretion to correct clear error, including a misapprehension of the controlling law, or to prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

In the Motion, the Commissioner contends that the Court has misapplied Social Security Ruling ("SSR") 06-03p, which identifies the following factors that an ALJ must consider when evaluating a nurse's opinion:

> (1) How long the source has known and how frequently the source has seen the individual; (2) How consistent the opinion is with other evidence; (3) The degree to which the source presents relevant evidence to support an opinion; (4) How

> well the source explains the opinion; (5) Whether the source has a specialty or area of expertise related to the individual's impairment(s); and (6) Any other factors that tend to support or refute the opinion.

SSR 06-03p, 2006 WL 2329939, at *4-5.  In the Reversal Order, the Court held that the ALJ erred in not properly applying or explaining several of these factors, which constituted legal error and warranted reversal.  (ECF No. 22 at 9.)  The Commissioner argues that SSR 06-03p does not require the ALJ to explain each factor, but only to consider it and generally explain the weight given to the opinion, "or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the [ALJ's] reasoning".  SSR 06-03p, 2006 WL 2329939 at *6.

On review of the Tenth Circuit case law cited by the Commissioner, the Court agrees that the ALJ was not required to expressly discuss each of the SSR 06-03p factors in evaluating Nurse Garrett's opinion.  *See, e.g.*, *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007).  Plaintiff has filed no Response attempting to rebut this authority.  Thus, the Court finds that the ALJ did not commit reversible legal error in failing to address all six factors, and that the Court misapprehended controlling law in reversing the ALJ's decision because of this failure.  Such an error warrants the exercise of the Court's discretion pursuant to Rule 59(e).  *See Servants of the Paraclete*, 204 F.3d at 1012.  Accordingly, the Commissioner's Motion is granted, and the Reversal Order and the Final Judgment are vacated.

**B.     Appeal of Commissioner's Decision**

Given the vacatur of the Reversal Order, the Court must reevaluate Plaintiff's appeal of the Commissioner's decision denying her benefits to determine whether,

5

using the correct legal standards, the decision should be affirmed, or whether there is any other basis for reversal.

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*. "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Evidence is not substantial if it is overwhelmed by other evidence in the record. *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005). In reviewing the Commissioner's decision, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006). "On the other hand, if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

Plaintiff argues in her Opening Brief that the ALJ's decision should be reversed because the RFC assessment of her mental limitations was not supported by substantial evidence, and because the ALJ's finding that Plaintiff could do other work at step five did not take into account Plaintiff's severe impairments of depression and anxiety. (ECF No. 17 at 1.)

As to the ALJ's RFC assessment, the Court finds that substantial evidence supported the formulation of the mental limitations. In support of his RFC formulation,

the ALJ discussed the opinions of consulting psychologist Dr. Leidal, who noted that Plaintiff had only "moderate symptoms" and "no major functional problems." (R. at 19-20, 392.) Dr. Leidal opined that Plaintiff's "[a]bility to understand and carry out more detailed instructions is not impaired, and [her] ability to understand and comprehend and carry out more complex levels of instruction and direction is mildly to moderately impaired." (R. at 392-93.) In limiting Plaintiff to work that does not require her to "understand, remember and carry out more than detailed instructions", the ALJ effectively adopted Dr. Leidal's opinion. (R. at 18-19 (noting that this was "the only detailed mental status findings in the record").) Accordingly, the Court finds that Dr. Leidal's opinion constitutes substantial evidence to support the ALJ's RFC formulation with respect to Plaintiff's mental limitations.

As to the ALJ's finding at step five that Plaintiff could perform other work, the Court finds that the ALJ did not err. The ALJ permissibly adopted Dr. Leidal's opinion with respect to Plaintiff's mental limitations in the RFC, and then posed hypothetical questions to the vocational expert based on that RFC. (*See* R. at 58-62.) The vocational expert testified that, given the RFC and Plaintiff's transferable skills from her past related work, Plaintiff could work as a receptionist or credit clerk. (R. at 60-61.) The ALJ then made his determination at step five based on the vocational expert's testimony. (*See* R. at 22.) Because the RFC was supported by substantial evidence, and the RFC formed the basis for the vocational expert's testimony, it was not error for the ALJ to make his determination at step five based on this record.

Plaintiff's arguments essentially ask the Court to reweigh the medical evidence and arrive at a different conclusion than the Commissioner. The Court cannot do this.

*Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (reviewing court cannot reweigh medical evidence or substitute its judgment for that of the Commissioner); *White v. Barnhart*, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002) (same).  The Court finds that there is substantial evidence to support the RFC formulated by the ALJ, as well as the decision at step five that relied on that RFC and the vocational expert's testimony, and the ALJ applied the correct legal standards.  Therefore, Plaintiff has failed to show any reversible error, and the Commissioner's decision must be affirmed.

## III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Commissioner's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (ECF No. 24) is GRANTED;

2. The Final Judgment entered on October 17, 2013 (ECF No. 23) is VACATED;

3. The Commissioner's decision is AFFIRMED; and

4. The Clerk shall enter Final Judgment in favor of the Commissioner and against Plaintiff.  Each party shall bear her own costs.

Dated this 30th day of May, 2014.

BY THE COURT:

William J. Martínez
United States District Judge